IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
            v.                     )      Criminal No. 00-184
                                   )
ROXANNE RICK                       )

## MOTION TO TERMINATE SUPERVISED RELEASE

AND NOW comes Roxanne Rick, by and through counsel, Federal Public Defender Lisa B. Freeland, and respectfully moves the Court to terminate the remaining term of supervised release:

1.  Roxanne Rick was indicted for conspiracy, in violation of 21 U.S.C. § 846, and six counts of distribution of a controlled substance, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C).

2.  She was released on bond pending trial and appeared as required throughout the proceedings before this court.  During the pretrial period, Ms. Rick complied will all of the court's bond conditions and the court granted a request to travel to California while on bond.  See Docket Entry No. 29.

3.  Ms. Rick entered a plea of guilty to counts 1

(conspiracy to distribute Oxycodone), 2 and 5 (distribution

of Methadone Hydrocholride) pursuant to a plea agreement on

September 14, 2001.  As part of the agreement, she accepted

responsibility for the remaining counts charged and

voluntarily agreed to forfeit approximately $25,000, several

substitute assets, and two pieces of real property.  The

government agreed to release its forfeiture interests in the

properties upon stipulation that the properties be

irrevocably transferred to Ms. Rick's minor children.

Docket Entry No. 30.


    4.  As part of the plea agreement, the government and

Ms. Rick agreed about the quantity of controlled substances

attributable to her as well as the applicability of the

Abuse of Trust enhancement under U.S.S.G. § 3B1.3.  Id.


    5.  Based on the agreement, the probation officer

found that total offense level to be 27.  Ms. Rick had zero

criminal history points, placing her in criminal history

category I.  The guideline sentencing range was determined

to be 70-87 months.  The minimum term of supervised release

for each of the counts of conviction was 3 years.


    6.  At sentencing, defense counsel argued for a

downward departure based on diminished capacity, post-offense rehabilitation and extraordinary family responsibilities.  Although the court determined that none of the bases for departure independently warranted departure, when considered in combination, she was entitled to a two level departure.  After departing two offense levels, the court sentenced Ms. Rick to 57 months imprisonment and 3 years supervised release at each count to be served concurrently.  See Docket Entry No. 52.

7.   Ms. Rick was permitted to self surrender to the Bureau of Prisons and again was granted permission to travel to California prior to reporting for service of sentence. See Docket Entry No. 56.  As part of the court's sentencing Order, it recommended that Ms. Rick receive substance abuse and mental health counseling and treatment during her term of imprisonment.  See Docket Entry No. 52.

8.   During Ms. Rick's imprisonment, Congress approved Amendment 657 to the sentencing guidelines, which provided that, in cases involving Oxycodone, the weight of controlled substance is to be determined based on the actual weight of Oxycodone in each tablet.  Based on the amendment, Ms. Rick filed a motion under 18 U.S.C. § 3582(c), seeking a

reduction in her sentence.[1]  <u>See</u> Docket Entry No. 76.

9.   By Order dated March 5, 2004, this court granted
Ms. Rick's § 3582(c) motion and reduced her sentence
consistent with Amendment 657 to 30 months imprisonment.  At
that time, the court recommended that Ms. Rick be permitted
to serve the remaining six (6) months of her sentence in a
community confinement center.  In all other respects, the
sentence imposed on May 3, 2002, was to remain in effect.

10.   Ms. Rick was released to Renewal Center in June
2004 as a result of the sentence reduction.  She was
released from Renewal in September 2004.  At all times while
under supervision, Ms. Rick has complied with the conditions
of release and the direction of her probation officer.

11.   In a recent conversation with Ms. Rick's probation
officer, Wendy Brown, undersigned counsel was told that Ms.
Rick is doing well, that there have been no problems, and
that she has satisfied all of the conditions of supervised
release.  Her financial obligations have been fulfilled and

---

[1] Ms. Rick also filed a Motion to Vacate pursuant to 28 U.S.C. §
2255 on September 15, 2003.  <u>See</u> Docket Entry No. 63. That
motion, which currently is pending, will become moot if the
within motion to terminate supervised release is granted.

her urine tests remain clean.  Although Ms. Brown noted that
Ms. Rick may require mental health counseling throughout her
life, she is not on any medication at this time and that Dr.
Marc F. Markiewicz reports that she is doing very well.[2]


12.   Ms. Brown authorized Ms. Rick to travel to
California to live near family for the summer and during
this time, Ms. Rick has been quite productive.  She has
completed courses in California real estate; however, she
will not be able to obtain a license (or a job) until she is
no longer under supervision.  Being under supervision also
makes it difficult for Ms. Rick to travel to her birthplace
in Mexico and to consider employment as a physician abroad.[3]


13.   Ms. Rick will have been on supervised release for
one year on September 10, 2005.  Given her undeniable
progress, the attendant difficulties caused by remaining

---

[2] Dr. Markiewicz has been treating Ms. Rick since January 2000
while Ms. Rick was on pretrial release.  In a letter, attached
hereto as Exhibit A, Dr. Markiewicz explains Ms. Rick's progress
and recommends that her term of supervised release be terminated.

[3] As the court is aware, Ms. Rick is not permitted to practice
medicine in the United States for a period of ten (10) years
following her conviction.  Her last employment was at McDonald's.
She currently is working with the Pennsylvania Office of
Vocational Rehabilitation and has been assigned a rehabilitation
counselor to assist with her transition.

under supervision, and the assessments of her probation
officer and treating physician, she respectfully requests
that her term of supervised release be terminated
immediately.  Ms. Brown, who has supervised Ms. Rick for
more than a year, has stated that she does not object to
this request.  As noted above, Dr. Markiewicz, who began
treating Ms. Rick while she was pretrial release, recommends
termination at this time.


    WHEREFORE, Petitioner Roxanne Rick, through counsel,
respectfully moves the Court for an Order terminating the
remaining term of supervised release.

                        Respectfully submitted,


                        _____
                        Lisa B. Freeland
                        Federal Public Defender