```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          v.                  )   Criminal No. 00-184
                              )
ROXANNE RICK                  )
```

**MOTION TO TERMINATE SUPERVISED RELEASE**

AND NOW comes Roxanne Rick, by and through counsel, Federal Public Defender Lisa B. Freeland, and respectfully moves the Court to terminate the remaining term of supervised release:

1. Roxanne Rick was indicted for conspiracy, in violation of 21 U.S.C. § 846, and six counts of distribution of a controlled substance, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C).

2. She was released on bond pending trial and appeared as required throughout the proceedings before this court. During the pretrial period, Ms. Rick complied will all of the court's bond conditions and the court granted a request to travel to California while on bond. See Docket Entry No. 29.

3. Ms. Rick entered a plea of guilty to counts 1

(conspiracy to distribute Oxycodone), 2 and 5 (distribution of Methadone Hydrocholride) pursuant to a plea agreement on September 14, 2001.  As part of the agreement, she accepted responsibility for the remaining counts charged and voluntarily agreed to forfeit approximately $25,000, several substitute assets, and two pieces of real property.  The government agreed to release its forfeiture interests in the properties upon stipulation that the properties be irrevocably transferred to Ms. Rick's minor children.  Docket Entry No. 30.

    4.    As part of the plea agreement, the government and Ms. Rick agreed about the quantity of controlled substances attributable to her as well as the applicability of the Abuse of Trust enhancement under U.S.S.G. § 3B1.3.  _Id_.

    5.    Based on the agreement, the probation officer found that total offense level to be 27.  Ms. Rick had zero criminal history points, placing her in criminal history category I.  The guideline sentencing range was determined to be 70-87 months.  The minimum term of supervised release for each of the counts of conviction was 3 years.

    6.    At sentencing, defense counsel argued for a

downward departure based on diminished capacity, post-offense rehabilitation and extraordinary family responsibilities. Although the court determined that none of the bases for departure independently warranted departure, when considered in combination, she was entitled to a two level departure. After departing two offense levels, the court sentenced Ms. Rick to 57 months imprisonment and 3 years supervised release at each count to be served concurrently. See Docket Entry No. 52.

7. Ms. Rick was permitted to self surrender to the Bureau of Prisons and again was granted permission to travel to California prior to reporting for service of sentence. See Docket Entry No. 56. As part of the court's sentencing Order, it recommended that Ms. Rick receive substance abuse and mental health counseling and treatment during her term of imprisonment. See Docket Entry No. 52.

8. During Ms. Rick's imprisonment, Congress approved Amendment 657 to the sentencing guidelines, which provided that, in cases involving Oxycodone, the weight of controlled substance is to be determined based on the actual weight of Oxycodone in each tablet. Based on the amendment, Ms. Rick filed a motion under 18 U.S.C. § 3582(c), seeking a

reduction in her sentence.[1]  See Docket Entry No. 76.

     9.   By Order dated March 5, 2004, this court granted Ms. Rick's § 3582(c) motion and reduced her sentence consistent with Amendment 657 to 30 months imprisonment.  At that time, the court recommended that Ms. Rick be permitted to serve the remaining six (6) months of her sentence in a community confinement center.  In all other respects, the sentence imposed on May 3, 2002, was to remain in effect.

     10.  Ms. Rick was released to Renewal Center in June 2004 as a result of the sentence reduction.  She was released from Renewal in September 2004.  At all times while under supervision, Ms. Rick has complied with the conditions of release and the direction of her probation officer.

     11.  In a recent conversation with Ms. Rick's probation officer, Wendy Brown, undersigned counsel was told that Ms. Rick is doing well, that there have been no problems, and that she has satisfied all of the conditions of supervised release.  Her financial obligations have been fulfilled and

---

[1] Ms. Rick also filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on September 15, 2003.  See Docket Entry No. 63.  That motion, which currently is pending, will become moot if the within motion to terminate supervised release is granted.

her urine tests remain clean.  Although Ms. Brown noted that Ms. Rick may require mental health counseling throughout her life, she is not on any medication at this time and that Dr. Marc F. Markiewicz reports that she is doing very well.[2]

12.  Ms. Brown authorized Ms. Rick to travel to California to live near family for the summer and during this time, Ms. Rick has been quite productive.  She has completed courses in California real estate; however, she will not be able to obtain a license (or a job) until she is no longer under supervision.  Being under supervision also makes it difficult for Ms. Rick to travel to her birthplace in Mexico and to consider employment as a physician abroad.[3]

13.  Ms. Rick will have been on supervised release for one year on September 10, 2005.  Given her undeniable progress, the attendant difficulties caused by remaining

---

[2] Dr. Markiewicz has been treating Ms. Rick since January 2000 while Ms. Rick was on pretrial release.  In a letter, attached hereto as Exhibit A, Dr. Markiewicz explains Ms. Rick's progress and recommends that her term of supervised release be terminated.

[3] As the court is aware, Ms. Rick is not permitted to practice medicine in the United States for a period of ten (10) years following her conviction.  Her last employment was at McDonald's.  She currently is working with the Pennsylvania Office of Vocational Rehabilitation and has been assigned a rehabilitation counselor to assist with her transition.

under supervision, and the assessments of her probation officer and treating physician, she respectfully requests that her term of supervised release be terminated immediately.  Ms. Brown, who has supervised Ms. Rick for more than a year, has stated that she does not object to this request.  As noted above, Dr. Markiewicz, who began treating Ms. Rick while she was pretrial release, recommends termination at this time.

WHEREFORE, Petitioner Roxanne Rick, through counsel, respectfully moves the Court for an Order terminating the remaining term of supervised release.

Respectfully submitted,

*/s/ Lisa B. Freeland*
Lisa B. Freeland
Federal Public Defender