```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          v.                  )   Criminal No. 00-184
                              )
ROXANNE RICK                  )
```

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S <u>MOTION TO TERMINATE SUPERVISED RELEASE</u>

AND NOW comes Roxanne Rick, by and through counsel, Federal Public Defender Lisa B. Freeland, and respectfully files this Reply to Government's Response to Defendant's Motion to Terminate Supervised Release. In support thereof counsel states:

1. On November 22, 2005, undersigned counsel filed a motion to terminate supervised release on behalf of Roxanne Rick. Before the filing that motion, counsel consulted with Ms. Rick's probation officer, Wendy Brown, and with Dr. Marc Markiewicz, who has been treating Ms. Rick since January 2000 - first while Ms. Rick was on pretrial release and thereafter during the time since she was released from prison in June 2004. Ms. Brown had no objection to termination of supervision and Dr. Markiewicz provided a letter for the court explaining why he believes supervision is no longer needed.

2.   The government filed a response opposing the request to terminate supervised release.  It opposes the request for early termination of supervised release because, "the offenses for which the Defendant was convicted were serious and the Defendant violated her oath as a physician and abused a position of trust in their commission."  Government's Response at ¶5.  In the government's view, the request for early termination should be denied because "[t]he government does not believe that the Defendant has paid her debt to society based on the severity of the[ ] offenses and does not believe the conditions of supervised release which she is currently serving are particularly onerous."  The government notes, however, that it may not oppose early termination of supervision at some future date. Id.

3.   Apparently, the government does not believe Ms. Rick has been sufficiently punished – yet.

4.   Under 18 U.S.C. § 3583(e), the court may terminate a term of supervised release at anytime after the expiration of one year of supervision "if it is satisfied that the such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  In

making this determination, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1) **(the nature and circumstances of the offense and the history and characteristics of the defendant),** (a)(2)(B) **the need to afford adequate deterrence to criminal conduct),** (a)(2)(C) **(the need to protect the public from further crimes of the defendant),** (a)(2)(D) **(the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner),** (a)(4) **(the sentencing guidelines),** (a)(5) **(any pertinent policy statements),** (a)(6) **the need to avoid unwarranted sentence disparities),** and (a)(7) **(the need to provide restitution to any victims of the offense).** See 18 U.S.C. §§ 3583(e)(1), 3553(a).

    5.    As the court is aware, Ms. Rick received a substantial sentence of imprisonment based on the seriousness of the offense.  That sentence was based in part on an enhancement for abuse of trust due to the fact that Ms. Rick is a physician.  Despite the seriousness of the offense and a finding that Ms. Rick abused the public trust, the court's ultimate sentence of imprisonment was mitigated by the history and characteristics of the defendant.

6. The government's response in opposition does not address any of the factors set forth in § 3553(a) other than the nature and circumstances of offense and the characteristics of the defendant and it fails completely to acknowledge the mitigating aspects found by the court at sentencing. Moreover, it has offered nothing that would suggest either that the term of imprisonment imposed was not sufficient to deter further criminal conduct or that Ms. Rick poses a danger to the public; nor has it suggested that further supervision is needed to facilitate educational or vocational training, medical care, or other correctional treatment in the most effective manner. See § 3553(a)(2)(B)&(C).

7. Indeed, all the government offers is its opinion that early termination is unwarranted because Ms. Rick has not fully repaid her debt to society. See Government's Response at ¶ 5.

8. Thankfully, that opinion is not shared by Ms. Rick's supervising probation officer or the mental health specialist she has been seeing as a condition of her supervision.

9.   The government's opposition represents the position of an advocate who sought a sentence of imprisonment in excess of what the court ultimately imposed. It is nothing more than the government's way of maintaining that the term of imprisonment served, in addition to more than one year of supervised release, has not been sufficient to punish Ms. Rick.

10.   Counsel prays the court will consider all of the relevant § 3553(a) factors and rely on the opinions of those who have supervised and treated Ms. Rick in the time since she was released from prison in granting her request to terminate the remaining tern of supervised release.

WHEREFORE, Roxanne Rick, through counsel, respectfully moves the Court for an Order terminating the remaining term of supervised release.

                                  Respectfully submitted,

                                  */s/ Lisa B. Freeland*
                                  Lisa B. Freeland
                                  Federal Public Defender