IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 00-184 |
| | ) |
| ROXANNE RICK | ) |

MEMORANDUM ORDER

On September 10, 2001, the defendant, Roxanne Rick, who is a physician, pled guilty to Counts 1, 2 and 5 of Indictment No. 00-184.  In Count 1, the defendant was charged with conspiring to distribute Schedule II and Schedule III controlled substances in violation of Title 21, United States Code, Section 846, and, in Counts 2 and 5, the defendant was charged with distributing Schedule II and Schedule III controlled substances, including Oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D).

Based on a total offense level of 25 and a criminal history category of I, the range of imprisonment applicable to the defendant under the United States Sentencing Guidelines ("the Guidelines") was 57 to 71 months, and, on May 3, 2002, the Court sentenced the defendant to a term of imprisonment of 57 months at each of Counts 1, 2 and 5 to be served concurrently.[1]  In

_____

1. To compute the defendant's offense level, Counts 1, 2 and 5 were grouped together under Section 3D1.2(d) of the Guidelines, and, because the counts involved different controlled substances, the drugs were converted to their marijuana equivalency and added together pursuant to Section 2D1.1 of the Guidelines.  The parties agreed that the marijuana equivalency of the controlled substances attributable to the defendant was 685.5 kilograms,
(continued...)

addition, upon release from imprisonment, it was ordered that the defendant be placed on supervised release for a term of 3 years at each of Counts 1, 2 and 5 to be served concurrently.

On November 1, 2003, Amendment 657 to the Guidelines became effective and required the recalculation of the quantity of Oxycodone attributable to the defendant based on her guilty plea. Specifically, pursuant to Amendment 657, the marijuana equivalency of the 2,400 Percocet tablets distributed by the defendant was reduced from the 667 kilograms calculated at the time of the defendant's sentencing to 80.4 kilograms. As a result of Amendment 657, the defendant's base offense level for Counts 1, 2 and 5 was reduced to 22 and her total adjusted offense level was reduced to 19. Based on a total offense level of 19 and a criminal history category of I, the range of imprisonment applicable to the defendant under the Guidelines was reduced from 57 to 71 months to 30 to 37 months.

On March 4, 2004, the defendant was re-sentenced to a term of 30 months at each of Counts 1, 2 and 5 to be served

---

(...continued)
which resulted in a base offense level of 28 under Section 2D1.1(c)(6). Under Section 3B1.3, the Court increased the defendant's offense level by 2 levels because she abused a position of trust in the commission of the offenses, and, under Section 3E1.1, the Court decreased the defendant's offense level by 3 levels based on her acceptance of responsibility. The Court then granted the defendant's request for a downward departure based on a combination of the three grounds urged in support of a departure (diminished capacity, post-offense rehabilitation efforts and family responsibilities) and decreased her offense level by an additional 2 levels, resulting in a total offense level of 25.

concurrently, and the Court recommended that the defendant be permitted to serve the final 6 months of her sentence in a community confinement center. In all other respects, the sentence imposed upon the defendant on May 3, 2002 remains in effect.

On November 22, 2005, the defendant filed a motion for early termination of supervised release. In summary, the defendant's motion alleges that she was released from the community confinement center in September, 2004; that, since her release from confinement, the defendant has complied with all of the conditions of supervised release; that the defendant's probation officer has informed defense counsel that the defendant is "doing well" and "there have been no problems;" that the defendant's financial obligations relating to the offenses charged in Indictment No. 00-184 have been fulfilled and her urine tests have been clean; that the defendant's probation officer authorized her to travel to California this past summer to live near family members; that, while in California, the defendant was "quite productive," completing real estate courses; that the defendant will be unable to obtain a real estate license or a job until she is no longer under supervision; and that it is difficult for the defendant to travel to her birthplace in Mexico and to consider employment as a physician abroad while she is under supervision. In support of her motion, the defendant has submitted a letter from Dr. Marc F. Markiewicz, a licensed

psychologist who began treating the defendant while she was on pretrial release. In his letter, Dr. Markiewicz recommends early termination of the defendant's supervised release due to the "significant progress" she has made in therapy.

On December 14, 2005, the government filed a response to the defendant's motion. The government opposes the defendant's motion, indicating that while it may not oppose early termination of supervised release at a future date, such a motion is premature at this time. After consideration, the Court agrees. As noted by the government, the defendant pled guilty to very serious offenses, she abused a position of trust in committing the offenses, and the conditions of her supervised release are not onerous. Under the circumstances, the defendant's motion for early termination of supervised release will be denied at this time.

AND NOW, this 11th of January, 2006, IT IS SO ORDERED.

_____
William L. Standish
United States District Judge

cc: Margaret E. Picking, Esq.
    Assistant United States Attorney
    4th Floor, United States Courthouse
    Pittsburgh, Pennsylvania  15219
    Email: margaret.picking@usdoj.gov

    Lisa Freeland, Esq.
    Federal Public Defender
    1001 Liberty Avenue
    Suite 1450
    Pittsburgh, PA 15222
    Email: lisa_freeland@fd.org

    U.S. Probation Office