IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
            v.                  )        Criminal No. 00-184
                                )
ROXANNE RICK                    )

## MOTION TO TERMINATE SUPERVISED RELEASE

AND NOW comes Roxanne Rick, by and through counsel, Federal Public Defender Lisa B. Freeland, and respectfully moves the Court to terminate the remaining term of supervised release:

1. Roxanne Rick was indicted for conspiracy, in violation of 21 U.S.C. § 846, and six counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

2. She was released on bond pending trial and appeared as required throughout the proceedings before this court. During the pretrial period, Ms. Rick complied will all of the court's bond conditions and the court granted a request to travel to California while on bond. See Docket Entry No. 29.

3. Ms. Rick entered a plea of guilty to counts 1

(conspiracy to distribute Oxycodone), 2 and 5 (distribution
of Methadone Hydrocholride) pursuant to a plea agreement on
September 14, 2001.  As part of the agreement, she accepted
responsibility for the remaining counts charged and
voluntarily agreed to forfeit approximately $25,000, several
substitute assets, and two pieces of real property.  The
government agreed to release its forfeiture interests in the
properties upon stipulation that the properties be
irrevocably transferred to Ms. Rick's minor children.
Docket Entry No. 30.


    4.   As part of the plea agreement, the government and
Ms. Rick agreed about the quantity of controlled substances
attributable to her as well as the applicability of the
Abuse of Trust enhancement under U.S.S.G. § 3B1.3.  Id.


    5.   Based on the agreement, the probation officer
found that total offense level to be 27.  Ms. Rick had zero
criminal history points, placing her in criminal history
category I.  The guideline sentencing range was determined
to be 70-87 months.  The minimum term of supervised release
for each of the counts of conviction was 3 years.


    6.   At sentencing, defense counsel argued for a

downward departure based on diminished capacity, post-offense rehabilitation and extraordinary family responsibilities.  Although the court determined that none of the bases for departure independently warranted departure, when considered in combination, she was entitled to a two level departure.  After departing two offense levels, the court sentenced Ms. Rick to 57 months imprisonment and 3 years supervised release at each count to be served concurrently.  See Docket Entry No. 52.

7.    Ms. Rick was permitted to self surrender to the Bureau of Prisons and again was granted permission to travel to California prior to reporting for service of sentence. See Docket Entry No. 56.  As part of the court's sentencing Order, it recommended that Ms. Rick receive substance abuse and mental health counseling and treatment during her term of imprisonment.  See Docket Entry No. 52.

8.    During Ms. Rick's imprisonment, Congress approved Amendment 657 to the sentencing guidelines, which provided that, in cases involving Oxycodone, the weight of controlled substance is to be determined based on the actual weight of Oxycodone in each tablet.  Based on the amendment, Ms. Rick filed a motion under 18 U.S.C. § 3582(c), seeking a

reduction in her sentence.[1]  See Docket Entry No. 76.

9.  By Order dated March 5, 2004, the court granted Ms. Rick's § 3582(c) motion and reduced her sentence consistent with Amendment 657 to 30 months imprisonment.  At that time, the court recommended that Ms. Rick be permitted to serve the remaining six (6) months of her sentence in a community confinement center.  In all other respects, the sentence imposed on May 3, 2002, was to remain in effect.

10.  Ms. Rick was released to Renewal Center in June 2004 as a result of the sentence reduction.  She was released from Renewal in September 2004.  At all times while under supervision, Ms. Rick has complied with the conditions of release and the direction of her probation officer.

11.  Ms. Brown authorized Ms. Rick to travel to California to live near family for the summer and during this time, Ms. Rick has been quite productive.  She has

-----

[1] Ms. Rick also filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on September 15, 2003.  See Docket Entry No. 63.  The Section 2255 proceedings are stayed and the matter administratively closed until September 29, 2006.  Ms. Rick intends to seek to reopen those proceedings and file a motion to withdraw that motion, recognizing that it will become moot if the within motion to terminate supervised release is granted.

completed courses in California real estate; however, she
will not be able to obtain a license (or a job) until she is
no longer under supervision. Being under supervision also
makes it difficult for Ms. Rick to travel to her birthplace
in Mexico and to consider employment as a physician abroad.[2]

12. In a recent conversation with Ms. Rick's probation
officer, Wendy Brown, undersigned counsel was told that Ms.
Rick continues to do well, that there have been no
supervision problems, and that she has satisfied all of the
conditions of supervised release. Ms. Rick's financial
obligations have been fulfilled and her urine tests remain
clean. Although Ms. Brown noted that Ms. Rick may require
mental health counseling throughout her life, she is not on
any medication at this time.

13. Ms. Brown stated that Ms. Rick is not drinking and
appears to be emotionally stable. Although Ms. Rick
continues to see Dr. Marc. D. Markiewicz, she and the doctor

---

[2] As the court is aware, Ms. Rick is not permitted to practice
medicine in the United States for a period of ten (10) years
following her conviction. She has been employed full time since
March 2006 as a customer service representative for Direct TV.

are not working on any specific areas of trouble.[3]  She surmised that in recent visits, Ms. Rick and Dr. Markiewicz have been dealing with issues surrounding Ms. Rick's decision to seek a divorce from her husband.  Ms. Brown stated that Ms. Rick's decision to seek a divorce was courageous and suggested that Ms. Rick may want to leave the jurisdiction at some point in the near future to put this unhappy period in her life behind her.

14.  Undersigned counsel spoke with Dr. Markiewicz on August 3, 2006 and he affirmed his prior recommendation.  He stated that from his perspective, Ms. Rick is stronger, is working and has made definite progress under his care.  He sees her decision to seek a divorce is a positive step for her and believes she deserves a chance to move on with her life.  He is willing to continue treating Ms. Rick as long as she remains in the area and she has stated that she will do so.  He does not believe she would need to see him more than once a month and is willing to treat her in exchange for Spanish lessons (she speaks it and he is trying to

[3] Dr. Marc F. Markiewicz began treating Ms. Rick in January 2000 while she was on pretrial release and last met with her on July 18, 2006. In a letter, attached to Ms. Rick's previous motion to terminate supervised release as Exhibit A, Dr. Markiewicz explained Ms. Rick's progress and recommended that her term of supervised release be terminated.

learn).

15.  Ms. Rick will have been on supervised release for two years on September 10, 2005.  Given her undeniable progress, the attendant difficulties caused by remaining under supervision in this jurisdiction, and the assessments of her probation officer and treating physician, she respectfully requests that her term of supervised release be terminated immediately.  Ms. Brown, who has supervised Ms. Rick for more than a year, does not oppose this request.  As noted above, Dr. Markiewicz, who began treating Ms. Rick while she was pretrial release, recommends termination at this time.

16.  As the Court may recall, when the parties last appeared on this matter on March 14, 2006, it was agreed that Ms. Rick would renew her motion to terminate on or about August 1, 2006, with a request that the term of supervised release be terminated after two years.  Counsel for the government was not willing to state on the record that the government would agree to termination after two years; however, she indicated that the reservation to do so was to avoid being bound when it was uncertain whether Ms. Rick would violate any terms of release in the interim.

17.  Insofar as Ms. Rick has complied with all of the terms of release and neither her probation officer or her treating physician have identified reasons to continue supervision, Ms. Rick respectfully renews her request to terminate supervised release.

18.  Assistant United States Attorney Margaret Picking has stated that the government takes no position with respect to the within request.

WHEREFORE, Petitioner Roxanne Rick, through counsel, respectfully moves the Court for an Order terminating the remaining term of supervised release.

Respectfully submitted,

*/s/ Lisa B. Freeland*
Lisa B. Freeland
Federal Public Defender